UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

ROBERT EARL CARTER and,
CASANDRA IVELISSE BARRAL BORGOS,

Case Number: 18-13695-7

Debtors.

---

**DECISION AND ORDER**

Debtors Robert Earl Carter and Casandra Ivelisse Barral Borgos ask the United States to pay the cost of preparing transcripts for their appeal from three Orders of this Court. The orders are:

1. Order denying an Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pending the October 15, 2026, Hearing (Dkt. No. 391); and
2. Order denying Debtors' Motion for Sanctions and Contempt for Violation of Discharge Injunction (Dkt. No. 396); and
3. Orders denying Debtors' Motion for Temporary Restraining Order, and Motion for Preliminary Injunction (Dkt. No. 401 and Dkt. No. 13 in Adversary Proceeding Case No. 26-75).

The relief sought in each motion was to prohibit the Internal Revenue Service ("IRS") from taking any collection actions against the Debtors, declare a Notice of Federal Tax Lien void *ab initio*,[1] direct the IRS to withdraw the Notice

[1] Dkt. No. 374 at 2 ¶ 2 of *ad damnum*.

of Federal Tax Lien,[2] and permanently enjoin the IRS from action against the Debtors, their property or assets regarding the 2010 tax liability.[3]

Judicial Code § 753(f) limits use of public funds to pay for transcripts in civil appeals in bankruptcy matters by "persons permitted to appeal in forma pauperis" in appeals where the trial judge or district court determines that the appeal is "not frivolous" but "presents a substantial question." 28 U.S.C. § 753(f). The Debtors filed such a request in the District Court, and it has invited this Court, as the trial court, to consider the Debtors' request. This implicates the in forma pauperis statute, so it is also appropriate to consider whether to exercise the right to certify that an in forma pauperis appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3).

**FACTS**

Debtors filed a Chapter 13 bankruptcy on November 2, 2018. The case was briefly converted to a Chapter 11 and then to a Chapter 7. The IRS filed a proof of claim in the total amount of $1,938,114.37. The claim included amounts for 2009 and 2010 taxes as secured.

Debtors filed an adversary proceeding against the IRS.[4] The adversary sought a determination that the tax liability for 2010 be determined dischargeable and that the lien of the IRS be determined in the case to be unsecured. A Motion to Dismiss the adversary was filed. Debtors failed to appear at the pretrial conference and preliminary hearing on the Motion to

---

[2] Id. at ¶ 3
[3] Id. at ¶ 4.
[4] Adv. Proc. No. 19-68

Dismiss.[5] Those hearings were rescheduled. Finally, on March 12, 2020, Debtors again failed to appear, but their attorney in the main case did appear. He reported the Debtors had "not provided the signed affidavits as they said they would, but that he does not oppose dismissal of th[e] matter pursuant to the debtor's statements at the March 5, 2020, hearing."[6] No opposition was presented to dismissal of the adversary proceeding, and it was dismissed.[7]

Debtors objected to the IRS Claim but the objection was withdrawn.[8] The IRS amended its proof of claim to classify the 2010 tax debt as nonpriority, unsecured on December 19, 2019.[9]

Debtors received a discharge on August 12, 2020. The case was closed a week later.

September 29, 2026, the Debtors moved to reopen the case to pursue a refinancing of the mortgage on their residence by Ms. Borgos and her mother. The same day, they filed motions for an expedited hearing on the motion. They also sought an emergency hearing on sanctions and contempt. The Court held a hearing on October 1 and reopened the case. It set a hearing on the motion for sanctions and contempt to be held October 15.

The day after the case was reopened, Debtors filed a Motion for a Preliminary Injunction and Temporary Restraining Order. Once again, they told

---

[5] *Id*. at Dkt. Nos. 12 and 13.
[6] *Id*. at Dkt. No. 26-1
[7] Id.
[8] Dkt. No. 320
[9] Claim No. 55-2.

the Court a hearing needed to be expedited on that motion. A preliminary hearing was set and heard three days later.

Debtors told the Court that the refinancing would refinance the existing first mortgage and pay unpaid real estate taxes and closing costs. In addition, there would be net proceeds in the amount of $67,495.17 from the refinancing to disburse to Debtors. If there was not a temporary restraining order and injunction, they feared the refinancing would not close.

Debtors' Motion asked that the Court require the IRS to release the tax lien and prevent it from taking other collection actions that would interfere with the loan disbursement to them. At the hearing on October 5, 2026, Debtors represented that the closing company would conduct a run-down lien search but still disperse the funds of the mortgage. Because there was no immediate harm to the Debtors and that the IRS would suffer harm instead if proceeds were disbursed to Debtors but it was later determined the IRS lien was valid and enforceable, the Court denied a temporary restraining order. But another hearing was scheduled to be held ten days later.

The next day, Debtors filed an adversary proceeding with a motion for preliminary and injunctive relief. That motion was then set for a hearing on October 15.

At the October 5 hearing, the Debtors' motions sought an order directing release of any excess funds to them. The Court denied the TRO Motion finding that if, as Debtors stated, the lender was prepared to proceed, then holding any proceeds in excess of the first mortgage and real estate taxes would have the

effect of preserving the status quo pending a trial and obviate the need for the proposed order.

At the October 15 hearing, Debtors presented a list of additional proposed recipients, including a second mortgage, a car loan, and various collection and credit accounts. The priority or nature of these claims did not appear in the record before this Court. Those debts may or may not have been reaffirmed from the discharge or subsequent in time to the IRS lien or without liens on the real property.

The IRS was represented at the various hearings and also filed responses. Those included both legal argument and supporting affidavits. So the record for the hearing on October 15 provided arguments related to both the law and facts. A key fact in contention was whether Mr. Carter ever filed an actual tax return for the year 2010 or if what he filed was merely a compromise regarding the amount of unpaid tax for that year and not a return. It was also clear in the record that the parties disagreed regarding whether the Debtors' liability for 2010 unpaid taxes was discharged and there was still an argument that a federal tax lien survived any discharge.

The Court considered the motions for an injunction in both the main case and the adversary proceeding. A preliminary injunction is a form of pretrial injunctive relief. It is reserved for circumstances in which the applicant can show real and immediate irreparable injury before a trial can be held. In other words, it is a tool to prevent irreparable injury to preserve the court's ability to render a meaningful decision on the merits. *Miss. Power & Light Co. v.*

*United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985); see *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

A preliminary injunction is also an extraordinary remedy. *Starbucks Corp. v. McKinney*, 602 U.S. 339 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Like a TRO, it preserves the relative positions of the parties until a trial on the merits can be held. *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004). It does not replace a trial.

The considerations for granting a preliminary injunction are well established. The default rule is that a plaintiff seeking a preliminary injunction must make a clear showing that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Starbucks*, 602 U.S. at 346 (quoting *Winter*, 555 U.S. at 20, 22). "Of all of these factors, the likelihood of success on the merits ordinarily carries the most weight." *Minocqua Brewing Co. LLC v. Hess*, 160 F.4th 849, 855 (7th Cir. 2025) (quoting *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 771 (7th Cir. 2023)).

The Court reviewed over 200 pages of filings by Debtors in preparation for the hearing.

The findings of fact and conclusions of law were made orally on the record. If granted, the relief sought by Debtors would have distributed $67,495.17 either to the Debtors or to various other creditors. It follows that would not preserve the status quo because funds on which the IRS holds a lien

of record would have been expended. If the IRS were correct, it would lack a remedy to recover those funds. Those facts are in the record and papers on file.

The factors to be considered for a restraining order or preliminary injunction are well known. A temporary restraining order or preliminary injunction requiring the release of the IRS lien and permitting the disbursement of the net closing closed would have occurred. The effect would have been, effectively, to grant the ultimate relief debtors sought without a trial.

The matter for this decision relates to Debtors' request for transcripts of the hearings at the government's expense. Transcript expenses are ineligible for fee waiver because court reporters must be paid for transcripts. The record is such that the motion for leave to obtain hearing transcripts in forma pauperis is appropriate for decision without a hearing.

## Discussion

This Court is tasked with determining whether the appeal is not frivolous and presents a substantial question. *See Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.,* 71 F.R.D. 93, 97 (S.D.N.Y. 1976); *see also In re Lepre,* 2012 WL 2994018, *1 (Bankr. W.D. Pa. 2012); *In re Price,* 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009). Each of these elements is separate and a favorable determination on each element is required in order to direct the United States to pay for transcripts. *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

It is the understanding of this Court that in forma pauperis status under § 1915(a) has not yet been granted, thus the certification question being considered is on the assumption that such a status would be granted by an Article III judge.

Section 753 of the Judiciary Code is similar to other provisions in the statute which govern privileges afforded to litigants proceeding in forma pauperis. For example, 28 U.S.C. § 1915 mandates that an appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Similarly, under section 1915(e)(2)(B), an appeal by an appellant proceeding in forma pauperis must be dismissed if the action is frivolous, malicious, or fails to state a claim for which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In other words, certification requires a determination that the appeal "is not frivolous" and that it "presents a substantial question." *In re Price*, 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009). These are matters of judicial discretion. *Thomas v. Computax Corp.*, 631 F.2d 139,143 (9th Cir. 1980). Still, the burden under section 753(f) is ultimately on the appellant to persuade the trial (bankruptcy) judge and, if necessary, the [appellate] judge. *Jaffe v. United States*, 246 F.2d 760, 761-62 (2d Cir. 1957).

As to an initial determination regarding frivolity, the matter is straight forward. The Orders denied both a temporary restraining order and preliminary injunction that would have released more than $67,000 in which the IRS claimed a lien either to the Debtors or various other creditors. Denying the

preliminary relief apparently had the result that the proposed lender determined it would not close the refinancing. As a result, those funds were not paid to Debtors or other post-bankruptcy discharge creditors. Thus, regarding the many possible definitions of frivolous, the appeal "is not frivolous."

The second determination is if the appeal "presents a substantial question." The nature of the appeal, including the decision on the relief sought in the context of law and facts, needs to be assessed. Here, the Debtors sought a *temporary* restraining order and *preliminary* injunction (emphasis supplied) that would have changed the status quo. It would have released more than $67,000 to the Debtors or others as they may have directed. The state of affairs that existed at the time of the Debtors' motions was that there was equity in real estate and the IRS holds a lien of record. In other words, the situation as it existed before the case is decided. If valid or enforceable, then the IRS would be entitled to distribution of those funds. Whether the IRS lien is enforceable or it is entitled to any such funds is contested.

A rush to decision without a trial would have deprived the trial court of a complete record. It would also deprive both parties of the opportunity to prepare for and present evidence and legal argument in an orderly manner with appropriate time for preparation.

Denying relief that would have equated with an ultimate decision on the validity or enforceability of a lien after a discharge would have been a rush to a judgment. To the contrary, temporary restraining orders and preliminary injunctions are not intended to grant the ultimate relief sought or a final

decision on disputes of law or fact. Instead, in deciding a case the trier of fact must resolve competing versions of the facts, decide which testimony to believe or disbelieve, and then apply the law to the facts.

This is not a matter where the facts and law, in the view of the trial judge, present substantial questions.

As a result, although the appeal is not frivolous, the Court determines that this appeal does not represent a substantial question under the penultimate sentence of 28 U.S.C. § 753(f).

## **CONCLUSION**

For these reasons, Debtors' request for transcripts at public expense, which is construed as a Motion for Certification Pursuant to 28 U.S.C. § 753(f), is DENIED. Moreover, pursuant to 28 U.S.C. § 1915(a)(3), the trial court does not certify that the appeal is "not taken in good faith."

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Further, this constitutes the Court's order denying Debtors' request for certification under 28 U.S.C. § 753(f).

Dated: November 25, 2026

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge